IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JALAL PARKER,**

    Plaintiff,

v.                                                         Civil Action No. **3:21CV265**

**HAROLD CLARKE,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Jalal Parker, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983.[1] In his Original Complaint, Parker named as Defendants Harold Clarke, Correctional Officer White, and Correctional Officer Cromes.[2] (ECF No. 1, at 1–2.) The matter is before the Court on Parker's failure to timely serve Defendant Cromes, the Motions to Dismiss filed by Defendants Clarke and White with respect to the Original Complaint, (ECF Nos. 22, 32), and the Court's responsibility to review actions pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. For the reasons set forth below, all claims against Defendant Cromes will be DISMISSED WITHOUT PREJUDICE for failure to timely affect service of process, the Motions to Dismiss with respect to Original Complaint filed by Defendants Clarke and White (ECF Nos. 22, 32) will be DENIED

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, capitalization, and grammar in the quotations from Parker's submissions.

AS MOOT, and all claims against Defendant Clarke will DISMISSED WITHOUT PREJUDICE for failure to state a claim.

## I. Failure to Timely Serve Defendant Cromes

Under Federal Rule of Civil Procedure 4(m),[3] Plaintiff had 90 days to serve Defendants. Here, that period commenced on September 1, 2021. By Memorandum Order entered on September 1, 2021, the Court informed Parker that the Court would attempt to serve Defendants pursuant to an electronic service agreement with the Office of the Attorney General for the Commonwealth of Virginia. (ECF No. 9.) On September 24, 2021, the Office of the Attorney General informed the Court and Parker that it could not accept service for Defendants Cromes and White, but it would provide the Court with the last known addresses for Defendants Cromes and White under seal. (ECF No. 14.) Thereafter, by Memorandum Order entered on October 15, 2021, the Court directed to the Marshal to attempt to serve Defendants Cromes and White at the addresses the Office of the Attorney General had provided to the Court under seal. (ECF No. 19.)

---

[3] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

On November 10, 2021, the Marshal returned the executed summons for Defendant White (ECF No. 25), and Marshal returned the unexecuted summons for Defendant Cromes (ECF No. 26). On April 25, 2022, Defendant White filed a Motion to Dismiss.[4] (ECF No. 32.)

More than 90 days elapsed since the entry of the entry of the September 1, 2021 Memorandum Order and Parker had not served Defendant Cromes. Accordingly, by Memorandum Order entered on March 25, 2022, the Court directed Parker, within eleven (11) days of the date of entry thereof, to show good cause why the action against Defendant Cromes should not be dismissed without prejudice. (ECF No. 29.) In response, Parker stated that he was unaware that Defendant Cromes had not been served. (ECF No. 30, at 2.)

District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. *See McCollum v. GENCO Infrastructure Sols.*, No. 3:10CV210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W.Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425 (citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons. *McCollum*, 2010 WL 5100495, at *2 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However,

---

[4] By Memorandum Order entered on May 19, 2022, the Court granted Defendant White's Motion for Extension of Time to file his Motion to Dismiss and deemed it timely filed. (ECF No. 37.)

3

"'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." *Venable*, 2007 WL 5145334, at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W.Va. 1992)). While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor incarceration alone constitute good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *2 (E.D. Va. Jan. 24, 2012) (citations omitted).

Parker has failed to identify any effort at all on his part to ensure that Defendant Cromes was served with process. The lack of any response by Cromes indicated to Parker that Defendant Cromes had not been served. Furthermore, simply requesting a copy of the docket would have revealed that Defendant Cromes had not been served. Parker fails to demonstrate that he made a "reasonable, diligent effort[] to effect service on the defendant." *Venable*, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted). Accordingly, all claims against Defendant Cromes will be DISMISSED WITHOUT PREJUDICE.

## II. Motions to Dismiss the Original Complaint

On November 1, 2021, Defendant Clarke moved to dismiss the Original Complaint. (ECF No. 22.) On April 25, 2022, Defendant White moved to dismiss the Original Complaint. (ECF No. 32.) On May 16, 2022, Parker moved to amend his Original Complaint and submitted an Amended Complaint. (ECF No. 36.) By Memorandum Order entered on July 13, 2022, the Court granted Parker's Motion to Amend and directed the Clerk to file the Amended Complaint as a separate docket entry. (ECF No. 39.) Thereafter, on July 26, 2022, Defendants Clarke and White filed a Motion to Dismiss with respect to the Amended Complaint. (ECF No. 41.) Given

these circumstances, the Motions to Dismiss with respect to the Original Complaint (ECF Nos. 22, 32) will be DENIED AS MOOT.

### III. Initial Review of the Amended Complaint

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### A. **Allegations**

The following are Parker's factual allegations in full:

> On the morning of October 17, 2019, White and Cromes were the two Virginia Department of Corrections officers on duty. Officer White's responsibility was to secure the dormitory floor, and Cromes's official duties was to monitor the control booth. The Plaintiff is currently and was at relevant times a Virginia Department of Corrections inmate incarcerated at Haynesville

6

> Correctional Center. At all times relevant, Defendant White was an employee of the Virginia Department of Corrections.
> Plaintiff alleges that at approximately 1:48 a.m. on October 17, 2019, the Plaintiff was waken when another inmate yelled, "That Mexican hit you when you were sleeping." The Plaintiff got out of bed and felt his face and head. After the assault, the Plaintiff learned that there were two steel combination locks used. Fellow inmates escorted the Plaintiff from the dormitory to the shower room as his face began to swell beyond recognition. The Plaintiff observed another inmate fighting with the Plaintiff's assailant. While standing in the shower room door, the Plaintiff witnessed correctional officer Cromes inside the control booth with his head down on the desk sleeping seemingly. While waiting on security for medical attention, Plaintiff stood in his assigned area bleeding watching his attacker and banging on the control room door as he tried to exit the building. After an excessive amount of time, security arrived and separated everyone and accompanied Plaintiff for medical treatment. The Plaintiff was escorted to the emergency room and diagnosed with facial and head injuries.
> As a result of being stricken with a steel combination lock in a sock, the Plaintiff has suffered serious physical, mental and emotional injuries.

(ECF No. 40, at 2.) Parker contends his injuries are attributable to Defendants' "lack of observation and failing to monitor." (*Id.*)

## B. <u>Analysis</u>

To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). *Id.* Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks omitted). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Here, Parker fails

to mention Defendant Clarke anywhere in the body of the Amended Complaint. Accordingly, all claims against Defendant Clarke will be DISMISSED WITHOUT PREJUDICE.

### IV. Conclusion

All claims against Defendant Clarke and Cromes will be DISMISSED WITHOUT PREJUDICE. Defendants Clarke's and White's Motions to Dismiss (ECF Nos. 22, 32) with respect to the Original Complaint will be DENIED AS MOOT.

On September 23, 2021, Parker filed his First Request for Production of Documents. (ECF No. 11.) At that time, only Defendant Clarke had been served. Therefore, any request for production of documents with respect to Defendants Cromes and White was premature and not enforceable. *See Jones v. Newby*, No. 3:11CV511, 2013 WL 960777, at *1 (E.D. Va. Mar. 12, 2013) (citing *Howard v. Heffron*, 118 F.R.D. 590, 590 (W.D. Mich. 1988)). On October 12, 2021, Defendant Clarke moved to stay discovery until his initial Motion to Dismiss was resolved. Because all claims against Defendant Clarke have been dismissed, Defendant Clarke's Motion to Stay Discovery (ECF No. 17) will be DENIED AS MOOT. The Clerk will be DIRECTED to TERMINATE the First Request for Production of Documents (ECF No. 11) as a pending motion. Parker remains free to renew his request for production of documents with respect to Defendant White.

On August 17, 2022, Parker filed his Second Request for Production of Documents. (ECF No. 45.) Parker only "requests that Defendant 'Harold Clarke' produce for inspection" certain evidence. (ECF No. 45, at 1.) Because all claims against Defendant Clarke have been

dismissed, the Court will also DIRECT the Clerk to TERMINATE Parker's Second Request for Production of Documents as a pending motion. (ECF No. 45.)

An appropriate Order will accompany this Memorandum Opinion.

/s/

M. Hannah Lauck
United States District Judge

Date: 8-22-2022
Richmond, Virginia

9