IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JALAL PARKER,

        **Plaintiff,**

v.                                                            Civil Action No. 3:21cv265

HAROLD CLARKE, *et al.*,

        **Defendants.**

## MEMORANDUM OPINION

Jalal Parker, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983.[1] The action is proceeding on Parker's Second Amended Complaint, which names Harold Clarke, Correctional Officer White, and Correctional Officer Cromes as defendants. (ECF No. 40.) The Court previously dismissed Parker's claims against Defendants Clarke and Cromes.[2] The matter is before the Court on Defendant White's Motion to Dismiss. (ECF No. 41.) Defendant White provided Parker with proper *Roseboro*[3] notice, (ECF No. 43), and Parker responded, (ECF No. 44).

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] By Memorandum Opinion and Order entered on August 22, 2022, the Court dismissed the claims against Defendants Clarke and Cromes. (ECF Nos. 46, 47.) Parker's claims against Defendant Clarke were dismissed for failure to state a claim. Parker's claims against Defendant Cromes were dismissed for failure to timely effect service of process. Parker's claims against Defendant Clarke were dismissed for failure to state a claim.

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## I. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In

2

order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Allegations

Parker alleges the following:[4]

> On the morning of October 17, 2019, White and Cromes were the two Virginia Department of Corrections officers on duty. *Officer White's responsibility was to secure the dormitory floor, and Cromes's official duties was to monitor the control booth.* [P]laintiff is currently and was at relevant times a Virginia Department of Corrections inmate incarcerated at Haynesville Correctional Center. At all times relevant, Defendant White was an employee of the Virginia Department of Corrections.
> 
> Plaintiff alleges that at approximately 1:48 a.m. on October 17, 2019, the plaintiff was w[o]ken when another inmate yelled, "[t]hat Mexican hit you when you were sleeping." [P]laintiff got out of bed and felt his face and head. After the assault, [P]laintiff learned that there were two steel combination locks used. Fellow inmates escorted [P]laintiff from the dormitory to the shower room as his face began to swell beyond recognition. [P]laintiff observed another inmate fighting with [P]laintiff's assailant. While standing in the shower room door, [P]laintiff witnessed correctional officer Cromes inside the control booth with his head down on the desk sleeping seemingly. While waiting on security for medical attention, [P]laintiff stood in his assigned area bleeding watching his attacker and banging on the control room door as he tried to exit the building. After an excessive amount of time, security arrived and separated everyone and accompanied [P]laintiff for medical treatment. [P]laintiff was escorted to the emergency room and diagnosed with facial and head injuries.

---

[4] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from Parker's submissions.

> As a result of being stricken with a steel combination lock in a sock, [P]laintiff has suffered serious physical, mental and emotional injuries.

(ECF No. 40, at 2 (emphasis added).) Parker contends his injuries are attributable to Defendant White's "failure to monitor and lack of observation." (ECF No. 40, at 2.)

### III. Analysis

It is clear that the Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)). Nevertheless, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *See id.* at 834. The Supreme Court has emphasized that it is *conscious* disregard for intolerable risks that provides the touchstone of the deliberate indifference standard for Eighth Amendment claims:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837. Thus, *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (citing *Farmer*, 511 U.S. at 837); *Rich v. Bruce*, 129 F.3d 336, 340 (4th Cir. 1997)).

In *Farmer*, the Supreme Court did not address "[a]t what point a risk of inmate assault becomes sufficiently substantial for Eighth Amendment purposes." 511 U.S. at 834 n.3. However, it is understood that "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Riccardo v. Rausch*, 375 F.3d 521, 525

4

(7th Cir. 2004). Thus, "[a]ny time an individual is incarcerated, there is some risk that he may be a victim of violence at the hands of fellow inmates." *Westmoreland v. Brown*, 883 F. Supp. 67, 74 (E.D. Va. 1995). Therefore, a baseline risk of assault inherent to prison life cannot support an Eighth Amendment claim. *See Grieveson v. Anderson*, 538 F.3d 763, 776–77 (7th Cir. 2008).

This matter turns on whether Parker has alleged facts that indicate Defendant White knew of a substantial risk of harm to Parker and acted with deliberate indifference to that risk. Courts have found prison officials to be actually aware of a sufficiently substantial risk of assault "where custodians know of threats to specific prisoners posed by a specific source, or place prisoners in the same cell as an inmate known to have violent propensities." *Whaley v. Erickson*, 339 F. App'x 619, 622 (7th Cir. 2009) (citing *Brown v. Budz*, 398 F.3d 904, 914–15 (7th Cir. 2005)). Parker alleges no such facts here.

Nevertheless, the Supreme Court has cautioned that

> if an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk."

*Farmer*, 511 U.S. at 842–43 (citation omitted). The Court further cautioned that a prison official [may not] escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* at 843. "On the other hand, as the vagueness of a threat increases, the likelihood of actual knowledge of impending harm decreases. So, too, does the official's ability to respond." *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008) (internal citation and quotation marks omitted).

Parker has not plausibly alleged any facts indicating that inmates at Haynesville Correctional Center faced any significant risk of assault by other prisoners. *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006) (alteration in original; internal quotation marks omitted) (citation omitted) (observing that "[i]n order to infer callous indifference when an official fails to protect a prisoner from the risk of attack, there must be a strong likelihood rather than a mere possibility that violence will occur"); *Westmoreland*, 883 F. Supp. at 76 ("The fact that there were as many as 2.5 reported assaults per day in January does not permit a conclusion that each of the more than 1300 inmates was subjected to constitutionally prohibited substantial risk of harm solely by virtue of his incarceration in the City Jail."). Instead, Parker has simply alleged that he was suddenly assaulted by another inmate in the middle of the night. Such facts are insufficient to support an Eighth Amendment claim.

Accordingly, the Motion to Dismiss will be GRANTED. (ECF No. 57) Parker's claim against Defendant White will be DISMISSED. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 5-24-2023
Richmond, Virginia

/s/ M. Hannah Lauck
United States District Judge